UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL M. NGOBENI | : | CIVIL ACTION |
|     Plaintiff | : | NO.   3:02 CV 1124(MRK) |
|     vs. | : | |
| SHARON A. HARPER | : | |
|     Defendant | : | DECEMBER 10, 2003 |

### PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

    Plaintiff respectfully moves to disqualify defendant's counsel, Attorney Francis Miniter and his associates from acting as counsel in the above-entitled matter on the following grounds:

    1.    It was clear from the onset of the case that defendant's counsel will be called as a witness in this matter as clearly evidenced by the substantive allegations of the Complaint, defendant's counterclaim and special defenses in this matter and argument regarding the issues raised in the plaintiff's lawsuit in the above-entitled matter.

    2.    Pursuant to Rule 3.7 of the Rules of Conduct: "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness ..."    The comment to that rule states, in part, that the opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation.  A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others.  It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.  In this case for instance, the pivotal issue of whether plaintiff caused Harper to lose money (by alleged failure to submit affidavits or pleadings after he was discharged and the Court had granted his withdrawal) as asserted in the counterclaim is met with plaintiff's vigorous defense that Miniter's incompetent presentation of the Harper case to the jury and to the Federal Court judge caused a loss of over $1.6 million punitive damages awarded by a jury.  Miniter and

his associate Corriveau are expected to testify that within three months after plaintiff transferred the file to Harper's counsel and based almost entirely on the work performed by plaintiff, Harper obtained a favorable jury verdict of about $4.6 million dollars.  During the course of the jury trial on the common law claims Harper, Miniter and Corriveau recklessly or negligently failed to offer into evidence the contingency fee agreement between plaintiff and Harper or the plaintiff's claim for attorneys fees and costs as stated to both Harper and her attorneys.  Harper and her agents  knew or should have known that proof of the plaintiff's fees and costs was mandatory and should have been offered in support of the claim for punitive damages.   Harper and her agents knew or should have known that punitive damages, which in Connecticut are limited to attorney's fees less taxable costs;  may be awarded by a jury whether the defamation is actionable per se or per quod." 50 Am. Jur. 2d, Libel and Slander § 379(1995).  Harper and her agents negligently failed to offer plaintiff's testimony; they failed to have Harper testify to the jury regarding the fees and costs owed to plaintiff and they failed to offer the contingency fee agreement and plaintiff's bill.  Because of Harper's failure to take any of the foregoing steps, the matter of plaintiff's legal fees was never properly submitted to the jury, and the punitive damages based on plaintiff's fees and costs were never properly determined by the jury.  As a result of Harper's actions or omissions, a punitive damages award of  $1.6 million awarded by the jury was reduced by the District Court to a mere $59,000 based on Miniter's claim for fees and costs.  Plaintiff's position is that this was no accident; it is a pattern and practice by Miniter and Corriveau whereby they accept clients for representation after plaintiff has performed substantial work on cases, encourage said client to file frivolous grievances against plaintiff as a means of intimidating plaintiff into releasing his valid attorneys liens and transferring files to Miniter without the usual protections afforded attorneys in cases of transfers of files.  No less than three such grievances or cases were filed against plaintiff with the active participation and encouragement of Miniter and Corriveau and the said grievances were all dismissed by the

Statewide Grievance Committee. In one such cases, Miniter sent an associate from his firm to present perjured testimony to the Statewide Grievance Committee in support of Harper. In the latest case Miniter personally presented perjured testimony to the grievance committee against plaintiff after he was disqualified from representing a client named Betheona Guiles. Needless to state that the Grievance Committee saw through the nonsense and dismissed the grievance.

    3. Plaintiff respectfully submits that testimony from Miniter will be necessary. A finding of necessity takes into account such factors as the significance of the matters, the weight of the testimony, and the availability of other evidence. There is no justification for allowing Mr. Miniter to represent defendant during this litigation when it was clear from day one that that he was a material witness and would be a material witness at trial, and it was clear that he would be required to testify. The Court must note that a state court lawsuit involving Mr. Miniter and plaintiff and making same allegations was filed around the same time the Harper matter was filed in this Court. For himself, Mr. Miniter sought representation by outside counsel and that matter was settled. He was thus clearly put on notice that he would be a witness in this case.

    4.    Rule 1.7 states:    "(b) A lawyer shall not represent a client if the representation of that client may be materially limited ... by the lawyer's own interests.." Inasmuch as the defendant may wish to deny or to distance herself from the actions of her attorneys in presenting her earlier case to the jury or the District Court, attorney Miniter's interest is in denying that he incompetently handled that case and avoiding any potential malpractice action. There is a palpable conflict between attorney and client. At the least, there appears to be enough of an issue presented to warrant this court to grant the Motion to Disqualify. Miniter's testimony should be considered prejudicial to his client because it is sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the client might have an interest in the lawyer's independence in discrediting

that very testimony.  The plaintiff has carried his burden of demonstrating how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring is substantial.   Rule 3.7 of the Rules of Conduct states:       "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness ..."    Rule 3.7 of the Rules of Professional Conduct codifies what is commonly called the "advocate-witness rule.  The rule permits an attorney actively participating in the case to be a witness as to merely formal matters but discourages testimony as to other matters on behalf of his client except when essential to the ends of justice.   State v. Blake, 157 Conn. 99, 102, 249 A.2d 232 (1968), citing Number 19 of the Canons of Professional Ethics;  see also, State v. Rapuano, 192 Conn. 228, 231, 471 A.2d 240 (1984).    The rule does not render the attorney incompetent as a witness or disqualify him from testifying, although it may be a serious impropriety for him both to testify and to continue active participation in the case.   State v. Blake, supra;   Lebowitz v. McPike, 151 Conn. 566, 570, 201 A.2d 469 (1964);  Puglio v. Puglio, 18 Conn.App. 606, 608, 559 A.2d 1159 (1989). The trial court is charged with making the determination of the materiality of the witness' testimony and must, of course, honor the parties' constitutional rights of confrontation and compulsory process.     Courts have been reluctant to allow attorneys to be called as witnesses in trials in which they are advocates.  Under this test, the party wishing to call an attorney to testify must show that the testimony of the prosecutor is "necessary and not merely relevant," and that all other available sources of comparably probative evidence have been exhausted.  State v. Thompson, 20 Conn.App. 290, 297, 567 A.2d 837 (1989).  The concern that a prosecutor may not be a fully objective witness applies equally to defense attorneys.   The fact that an attorney has withdrawn from the case does not alleviate this concern, particularly where attorney withdrew solely because he anticipated being called as a witness in the case.  Similarly, a jury is likely to give to the testimony of a defense attorney, present or former, far greater weight due to the defense attorney's unique position to assess his or her client's culpability. United States v. Birdman,

supra, 602 F.2d at 554.   In cases where the lawyer's testimony is highly relevant and solely within [his] possession, it is apparent that [he] must be disqualified." *Stratavest Ltd. v. Rogers,* 903 F. Supp. 663, 667 (S.D.N.Y.1995). "[T]he moving party `bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur.'"  *Genentech, Inc. v. Novo Nordisk A/S,* 923 F. Supp. 61, 63 (S.D.N.Y. 1996)). "For testimony to be `prejudicial' within the meaning of DR 5-102[(D)], the projected testimony `must be sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting the testimony.'" *Amalgamated Services and Allied Industries Joint Board v. Supreme Hand Laundry, Inc. et al,* No. 94 Civ. 2904, 1996 WL 583351, at *6 (S.D.N.Y. Oct. 9, 1996) (quoting *Lamborn v. Dittmer,* 873 F.2d 522, 531 (2d Cir. 1989)).

    WHEREFORE, plaintiff''s motion must be granted.

**PLAINTIFF**

_____
Paul M. Ngobeni
**LAW OFFICES OF PAUL M. NGOBENI**
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone (860) 289-3155
Facsimile (860) 282-7479

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed first-class on December 11, 2003 to:

Attorney Francis Miniter
Miniter & Associates
147 Charter Oak Ave.
Hartford, CT. 06106


-------------------------------------------------------
Paul M. Ngobeni