UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL M. NGOBENI | ) | |
|     Plaintiff | ) | CIVIL ACTION NO. |
| vs. | ) | 3:02 CV 1124 (MRK) |
| SHARON A. HARPER | ) | |
|     Defendant | ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S PROPOSED VOIR DIRE

**Introduction:** The plaintiff in this case claims the defendant Sharon Harper acting individually and in concert with Francis Miniter, Christine Corriveau and others, caused false charges of violation of the Rules of Professional Conduct to issue against the plaintiff, assisted in the prosecution of said charges and continued pursuing the said charges using perjured testimony even after it became clear that her charges were completely without substance.  Defendant, was motivated in the pursuit of the said charges against the plaintiff not by a belief that the charges had any factual or legal merit or that probable cause for their issuance existed.  By her own admission, Harper acted for improper, illegal, and wrongful purpose, to-wit: Harper pursued a frivolous grievance against plaintiff for an alleged refusal to turn over her file despite the existence of a valid attorney's lien and even after the said files were given to successor counsel.  Harper and her agents conspired to and eventually offered perjured testimony in a hearing before the Statewide Grievance committee by falsely claiming that plaintiff failed to turn over the files until after August 2000.  Harper pursued the so-called grievance against plaintiff despite the knowledge that her files had been turned over when a letter of protection was provided to plaintiff.  Harper acted out of spite and malice to vex plaintiff, to cause plaintiff to spend inordinate amount of time in grievance proceedings and to force plaintiff to give up his claim for fees.  Defendant perjured herself and lied to the Statewide Grievance Committee in an attempt to continue baseless charges against the plaintiff.  The Statewide

Grievance Committee subsequently dismissed the charges against plaintiff and the proceedings terminated in plaintiff's favor.   As a direct result of the defendant's violations, plaintiff suffered economic damages, emotional distress and was injured.

Plaintiff also claims  defendant made false defamatory statements charging incompetence or lack of skills on the part of the plaintiff. Commencing on or about October 2000 and continuing through February 2002, defendant frequented an establishment known as "Halls' Restaurant" where she regularly consumed alcohol and regularly discussed plaintiff with several patrons of the bar including one Roney Harris. Defendant maliciously published false reports that plaintiff was incompetent, that plaintiff had stolen and/or refused to release her files or personal property, and that plaintiff had been "found guilty" of incompetence by the Grievance Committee in his representation of Harper or handling of her files.  In communications these false and defamatory statements Harper intended to mean that Plaintiff could not be trusted to practice law and the person to whom the defamatory matter was communicated understood the words to have that meaning.  The said defamatory statement of Harper as aforesaid did and were calculated to cause great injury to the Plaintiff.  The defendants' charges of incompetence and lack of skill are actionable under Connecticut law.  In  Proto v. Bridgeport Herald Corporation, 136 Conn. 557, 566, 72 A.2d 820 (1950), the court said:  "It is well settled that a libel is actionable per see if it charges improper conduct or lack of skill or integrity in one's profession or business and is of such a nature that it is calculated to cause injury to one in his (sic) profession or business."   See also later case of   Moriarty v. Lippe, 162 Conn. 371, 386, 294 A.2d 326 (1972).

1. Have any of you ever seen or heard anything about this case from any source whatsoever?

2. Have any of you or your immediate family ever been a party to a civil lawsuit?

Which side? When? What type of litigation?

3. Have any of you or your immediate family ever been a party to a grievance proceeding before a professional body regulating lawyers, doctors or other professionals? Which side? When? What type of grievance?

4.  Do any of you have a pending claim or pending lawsuit in federal or state court. Do any of you have a pending claim that may result in a lawsuit? Do you have a grievance pending against anyone? Describe the claim or grievance.

5.  I have briefly described the nature of this case. Have any of you or any members of your family or close friends ever refused to pay anyone for work performed for your benefit?  When did the incident take place? What was the amount? What was the value of the benefit to you?  Was there litigation? Do you feel that this incident might have some bearing on your judgment if you were chosen as a juror in this trial?

6.  Do you have any feelings that people who win large sums of money as a result of work performed by their lawyers should be free to walk away from their obligations to compensate the lawyers for their work?

7.  Do you feel that lawyers like other business persons should be able to enforce contracts and to receive the full benefits of the fruits of their labors?

8.  Will you base your decision in this case apart from any feelings of sympathy for or prejudice against either the defendant or the victim of this case?

9.  Do you have a difficult time sitting in judgment on someone? If you were convinced of the defendant's liability on a preponderance of the evidence, would it be difficult for you to vote that way because of religious, philosophical or moral reasons?

10.  Is it ever okay to file an unfounded charge against another person for the purpose of avoiding your contractual obligation to pay that person?

11.  Some people believe a person should be entitled to compensation if a former

client broke a written promise regarding a payment. Do you agree or disagree and tell us why?

12. If a client refuses to pay a her attorney, should he be entitled to sue the former client? Why do you feel this way?

13. Which of the following best describes your feeling or opinion about an attorney suing his former client for breach of contract, vexatious suit or defamation: strongly approve, approve, oppose or strongly oppose.

14. If a person made a promise to you in writing and failed to live up to the agreement, what would you do?

15. Have you ever been in a situation at work where you or anyone you know received millions of dollars as a result of work performed by an attorney?

16. In your opinion, how much complaints or grievances are filed against lawyers in the business world today: a lot, some, a little or none at all.

17. Some people feel that clients are not always right and should be responsible for their action and other people feel clients should not be held responsible for their actions. How do you feel about this?

18. Have anyone on the jury panel ever used the services of an attorney?

19. What did you like and dislike about the services of that attorney?

20. Many of us have had a job where we were treated well by our clients and customers. Has anyone on the panel ever had a job where you were treated poorly by your client or customer?

21. Have you ever been fired or resigned from a job? What were the circumstances and what if anything did you do about that situation?

22. Have you ever felt you were treated poorly by a lawyer? Please tell us about that?

23. Can you think of any reasons why a client would deny an attorney their fees or

payment for their services?

24. During the trial, there are rules which govern how a witness should answer a question. If I feel the witness is breaking one of those rules, I have a duty to object. How are you going to feel if I have to object often while a witness is testifying?

25. During a football or basketball game, if a referee sees an infraction, there is a flag thrown or a whistle blown. The same thing is true in a courtroom -- we call it an objection. None of us like to watch games with lots of fouls, but if fouls aren't called, the game gets out of hand. I am concerned that I may have to object quite often during this trial. How are you going to feel if I stand up and object a lot?

26. Some jurors get offended/distracted when a lawyer objects too often. Other jurors are not affected by this process. How do you think you will react?

27. There are some people who feel that even if an attorney was entitled to a payment for services rendered, that the attorney should not sue the client. Is there anyone here who feels this way?

28. In a case where a lawyer is suing his former client claiming breach of contract, vexatious suit and defamation or slander, is there anyone here who would start the trial favoring the client, even if only slightly?

29. Is any one on the jury panel a member of CALA (Citizens Against Lawsuit Abuse or any other group or organization that favors limiting the amount of money a person is entitled to recover in a lawsuit?

**PLAINTIFF**

_____
Paul M. Ngobeni
**LAW OFFICES OF PAUL M. NGOBENI**
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone (860) 289-3155
Facsimile (860) 282-7479

### CERTIFICATION

This is to certify that a copy of the foregoing was mailed first-class on December 11, 2003 to:

Attorney Francis Miniter
Miniter & Associates
147 Charter Oak Ave.
Hartford, CT. 06106

-------------------------------------------------------
Paul M. Ngobeni