UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL M. NGOBENI | ) | |
|     Plaintiff | ) | CIVIL ACTION NO. |
| vs. | ) | 3:02 CV 1124 (MRK) |
| SHARON A. HARPER | ) | |
|     Defendant | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**COUNT ONE- VEXATIOUS SUIT (Statutory Conn. General Statutes § 52-568 and Common law)**

The issues in this case are, first, whether the plaintiffs proved his claim of vexatious litigation against the defendant, either because she brought the grievance proceedings against the Paul Ngobeni, the plaintiff in this present action, without probable cause, or alternatively, not only without probable cause, but also with malice and intent to vex the plaintiffs.

The cause of action for vexatious litigation requires the plaintiff to show: (1) the prior litigation was commenced by the defendant; (2) the prior litigation ended in the plaintiffs favor; and (3) the defendant did not have probable cause for the prior litigation. In this present action, the first and second prongs of the test are conceded.

The key issue in an action grounded in vexatious litigation is whether the action was brought without probable cause. Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 594, 715 A.2d 807 (1998). Probable cause "is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." Wall v. Toomey, 52 Conn. 35, 36-37 (1884). "For the purposes of a vexatious suit action, the legal idea of probable cause is a bona fide belief in the existence of the

facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." (Citations omitted; internal quotation marks omitted.) DeLaurentis v. New Haven, 220 Conn. 225, 256, 597 A.2d 807 (1991).  Within the context of vexatious litigation, malice may be inferred from the prosecution of a civil action without probable cause. Brodrib v. Doherstein, 107 Conn. 294, 295-96, 140 A.2d 483 (1928). Similarly, the element of malice raises questions of improper or unjustifiable motive. See Haxhi v. Moss, 25 Conn. App. 16, 19, 591 A.2d 1275 (1991).

    Shea v. Chase Manhattan Bank N.A., 64 Conn. App. 624,
    781 A.2d 352 (2001).
    Conn. General Statutes § 52-568

**COUNT TWO-   DEFAMATION**

    The plaintiffs allege that the defendant, in oral communications to other thrid parties, accused the plaintiff of ......."   "Defamation is comprised of the torts of libel and slander. Defamation is that which tends to injure reputation in the popular sense; to diminish the   esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory, or unpleasant feelings or opinions against . . . Slander is oral defamation." (Citation omitted; internal quotation marks omitted.) *DeVito v.Schwartz*, 66 Conn. App. 228, 234, 784 A.2d 376 (2001).

    To find liability for defamation, you, the jury, must find by a preponderance of evidence the following five elements:

    **First,** that defendant made a defamatory statement;

**Second,** that the defamatory statement concerned the plaintiff;

**Third,** that the defamatory statement was false;

**Fourth,** that the defamatory statement was communicated to someone other than the plaintiff; and

**Fifth,** that the defendant made the defamatory statement (1) with actual knowledge that the statement was false, or (2) with reckless disregard of the statement's truth or falsity, or (3) with negligence in failing to determine the falsity of the statement.

### B. Specific Elements of Defamation

I shall now instruct you on each of these five elements of a defamation action.

**1.** The first element that the plaintiff must prove is that the statement was defamatory.

A defamatory statement is a statement of fact (or opinion) that injures the reputation of the plaintiff, or exposes him/her to hatred, contempt or ridicule; causes the plaintiff to lose the goodwill/confidence of others; tends to injure the plaintiff in his/her trade or business.

In this case, the plaintiff claims that the following statement was defamatory: Defendant maliciously published false reports that plaintiff was incompetent, that plaintiff had stolen from her and/or unlawfully refused to release her files or personal property with criminal intent, and that plaintiff had been "found guilty" of incompetence and larceny by the Grievance Committee in his representation of Harper or handling of her files.

Plaintiff contends that the statements constitute slander per se. An indispensable element of an action of slander is injury to the reputation of the person defamed. The action fails unless that element is present. When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiff's reputation. *Proto v. Bridgeport Herald Corporation,* 136 Conn. 557, 567, 72 A.2d 820 (1950) ("Spoken words are actionable per se only if they charge a general incompetence or lack of integrity"). This court has delineated specific categories of speech deemed actionable per se where "the defamatory meaning of [the speech] is apparent on the face of the statement. . . ." *Battista v. United Illuminating Co.*, 10 Conn. App. 486, 491-92, 523 A.2d 1356, cert. denied, 204 Conn. 802, 803, 525 A.2d 1352 (1987). It is a well established principle that an accusation of theft is slander per se. See *Ventresca v. Kissner,*105 Conn. 533, 537, 136 A. 90 (1927).

"When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiffs reputation. He is required neither to plead nor to prove it. . . . The individual plaintiff is entitled to recover, as general damages,for the injury to his reputation and for the humiliation and mental suffering which the [defamation] caused him." (Internal quotation marks omitted.) *Lyons v. Nichols*, 63 Conn. App. 761, 768 (2001). *Devito v. Schwartz,* 66 Conn. App. 228, 234 (2001).

2. The second element that the plaintiff must prove is that someone other than the plaintiff and defendant heard the defamatory statement and reasonably understood that it referred to the plaintiff. It does not matter whether the defendant intended the statement to refer to the plaintiff. The issue for you to decide is whether those persons hearing the statement reasonably understood the statement to refer to

the plaintiff.

3. The third element that the plaintiff must prove is that the defamatory statement was false. In determining whether the defamatory statement was true or false, you do not need to find that the statement was true or false in every detail. It is enough if the statement is substantially false, as long as the falsity goes to the defamatory "gist" or "sting" of the statement. On the other hand, if the statement made by the defendant was completely true, you must find for the defendant. However, if the statement was substantially true, you can only find for the defendant if the truth goes to the defamatory "gist" or "sting" of the statement.

4. The fourth element that the plaintiff must prove is that the defamatory statement was communicated (in this case orally) to someone other than the plaintiff. It is not necessary that the defamatory statement was communicated to a large or even a substantial group of persons. It is enough that the statement was communicated to someone other than the plaintiff.

5. The fifth and final element that the plaintiff must prove is that it was wrong for defendant to communicate the defamatory statement. Plaintiff can satisfy this element in one of the following ways. One way is to prove that the defendant communicated a defamatory statement which he/she actually knew was false. Another way is to prove that the defendant communicated a defamatory statement with a high degree of awareness that it was probably false or with serious doubts as to the truth of the statement. The final way is for the plaintiff to prove that defendant acted negligently in failing to determine the falsity of the statement before he/she communicated it.

  B. **Damages**

  1. **Compensatory Damages**

Compensatory damages are those which you find that plaintiff sustained as

a proximate result of the defendant's wrongdoing. Compensatory damages consist of injury and loss to reputation, fame or character, time spent defending the charges, humiliation, physical and mental suffering, distress, embarrassment, nervous shock, impairment of social and business standing, loss of earnings, and reasonable costs and counsel fees incurred in defending the action maliciously brought.   In this connection the word "proximate" means that the vexatious suit must have been the efficient, producing cause of such injury or loss.

Your evaluation of plaintiff's claim for compensatory damages must be expressed in terms of one lump sum for all of the elements that you find comprise that claim.

As you recall, when I described the elements of a malicious prosecution action I instructed you about the defendant's intent that is necessary to return a verdict in favor of plaintiff. To find in favor of plaintiff, you must find that the defendant intentionally committed a wrongful or unlawful act without any justifyication or excuse. Your finding of that kind of intent on the part of the defendant does not, without more, justify an award of punitive damages to the plaintiff.   However, you may award punitive damages to the plaintiff if you do find that the defendant initiated the civil action maliciously or in willful or wanton disregard of the plaintiff's rights, as I have just defined these terms for you.

**PLAINTIFF**

_____
Paul M. Ngobeni
**LAW OFFICES OF PAUL M. NGOBENI**
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone (860) 289-3155
Facsimile (860) 282-7479

### CERTIFICATION

This is to certify that a copy of the foregoing was mailed first-class on December 11, 2003 to:

Attorney Francis Miniter
Miniter & Associates
147 Charter Oak Ave.
Hartford, CT. 06106

-------------------------------------------------------
Paul M. Ngobeni