UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT          NEW HAVEN

December 17, 20 03
Kevin F. Rowe, Clerk

By: Bennett Philard
Deputy Clerk

| | |
|---|---|
| PAUL NGOBENI<br>Plaintiff | ) )<br>)<br>) |
| VS. | ) CIVIL ACTION NO: 3:02CV1124 (MRK)<br>) |
| SHARON HARPER<br>Defendant | )<br>) December 10, 2003 |

**DEFENDANT'S JURY INSTRUCTIONS**

**COUNT ONE: VEXATIOUS LITIGATION**

Any person who commences and prosecutes any civil action or complaint against another . . . (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages. Probable cause means a "good faith belief in the facts alleged and the validity of the claim asserted." Malice is defined to mean "'a purpose other than that of securing the proper adjudication of the claim. . . .'"

Conn.Gen.Stat. §§ 52-568(a).
Shaumyan V. O'neill, 987 F.2d 122 (2nd Cir. 1993)
DeLaurentis v. City of New Haven, 220 Conn. 225 (1991).
RESTATEMENT (SECOND) OF TORTS §§ 676 (1977)

**COUNT TWO:SLANDER**

a. Every person is entitled to enjoy a good reputation until by his misconduct he has forfeited it. The respect and esteem of one's acquaintances and the community in general is naturally a possession prized by everyone. The value of reputation is recognized by law, and for an injury to it the law gives redress. The law presumes every person is entitled to a good reputation until by his actions he has shown that he does not deserve it. A violation of this right to reputation is called

defamation, which is divided into two classes, libel and slander.

b. Violation by means of the written word, pictures, or some kindred agency is called libel, with which we have no concern in this case. We are not concerned at all with libel in this action, but we are concerned with the charge or claim of slander.

c. Slander is the speaking, by one person of another, of base and defamatory words which tend to injure his reputation, his business, his standing or his means of livelihood. In order that aspersions uttered against a person may constitute slander, it is necessary that the words shall cause damage, to sustain an action. But there are some forms of slander so plainly injurious as a fact of common knowledge and by general consent that in cases where such forms occur they necessarily import damage, and general damages are to be presumed to result, and no special damage need be shown to sustain an action. Such slanders are said to be actionable per se, that is, by themselves; by the mere fact of the utterance, without help from other facts. Malice is presumed from their utterance as a matter of law. Such malice is called implied malice.

d. Words which are slanderous in and of themselves, or to use the other phrase, defamatory in and of themselves, are, for example, words which affect a plaintiff in her business, trade, profession, office, or calling.

"You should consider what the plain and natural import and meaning of the whole communication uttered is and construe the works in the plain and popular sense in which persons of average intelligence and comprehension understand them to be in light of all the surrounding circumstances."

e. It follows that if it is so concluded by you that this is a slander actionable per se, you will recall that it requires no proof of special damages to carry damages in favor of the plaintiff.

f. The burden of proof in an action of slander is on the plaintiff. He must prove the utterance

of the claimed slanderous words, and that they were spoken of and concerning him, and that they were published to some third person or persons.

g. Spoken words are actionable per se only if they charge a general incompetence or lack of integrity. They are not slanderous per se if they charge no more than specific acts, unless those acts are so charged as to amount to an allegation of general incompetence or lack of integrity. Moriarty v. Lippe, 162 Conn. 371, 384 (1972); Wright, FitzGerald and Ankerman, Conn. Law of Torts (3rd Ed.) § 147, n. 38.

h. If you find that the defendant did make statements about the plaintiff which were slanderous per se, that is, slanderous in themselves, as I have explained to you the meaning of these words, the plaintiff is entitled to recover what we call general damages, even in the absence of any allegations as to them or specific proof of their amount. Such damages are a sum which, as far as money can do, will compensate the plaintiff for injury which has resulted directly and as a natural consequence from the statements. In determining the amount of such damages properly due him you should consider the extent to which his reputation has been affected for the worse, and as incidental to that his injured feelings, any ridicule or shame which has come to him because of the statements, any insult, humiliation or disgrace which they have caused him.

i. The plaintiff is entitled to recover not only for such damages as he has suffered up to this day, but also such damages or loss as you find will be reasonably certain to come to him in the future. Craney v. Donovan, 92 Conn. 236, 245 (1917). In addition, if you find that his damages and losses have been enhanced by the bringing of this action, and its trial, with the consequent publicity, you should consider also this fact. See Davidson v. Paprian, 115 Conn. 718, 719 (1932); Hogan vs. New York Times Co., 211 F.Supp. 99 (1962).

j. As the essential basis of such action as this is the injury to the plaintiff's reputation, you must, in determining the compensation consider what his reputation in the community was when the defendant's statements were made, for it is his damages by reason of those statements that measure her right to recover. So you must consider the time, place and manner of the making of the statements, how much publicity resulted, and all the circumstances surrounding them. I can give you no definite rule for measuring the damages you should award the plaintiff and must leave the matter to your own sound judgment. You are not here to punish the defendant, however wrongful her conduct may seem to you; and if you find that the statements were made to a greater or less extent with malice as I have explained that word to you, the only effect that can properly have on your deliberations is in the event that you find the malice increased the actual loss or damage the plaintiff suffered or will suffer. *See* Yavis v. Sullivan, 137 Conn. 253, 262 (1950).

k. If you should find that the defendant did make the defamatory and false statements with actual malice as I have previously instructed you, in addition to general damages as I have just described to you, the plaintiff would also be entitled to punitive or exemplary damages.

THE PLAINTIFF

By

Francis A. Miniter, her attorney
Miniter & Associates
100 Wells Street #1D
Hartford, CT 06103
860-560-2590 ct09566

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been mailed to the following counsel of record on December _17_, 2003:

Paul M. Ngobeni, Esq.
914 Main Street Suite 206
East Hartford, CT 06108

Francis A. Miniter