UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT     NEW HAVEN

December 17, 2003
Kevin F. Rowe, Clerk
By: Ken Ghilardi
Deputy Clerk

PAUL NGOBENI )
    Plaintiff )
  )
VS. ) CIVIL ACTION NO: 3:02CV1124 (MRK)
  )
SHARON HARPER )
    Defendant ) December 10, 2003

## JOINT PRETRIAL MEMORANDUM

The plaintiff, Paul Ngobeni, and the defendant, Sharon Harper, respectfully submit this Joint Final Pretrial Memorandum.

**1.   TRIAL COUNSEL**

                                          Francis A. Miniter
                                          Miniter & Associates
                                          100 Wells Road
                                          Hartford, CT 06103
                                          (860) 560-2590

*Attorney for Plaintiff*                     *Attorney for Defendant*

**2.   JURISDICTION**

      Diversity

**3.   JURY/NON-JURY**

      Jury

**4.   LENGTH OF TRIAL**

      Plaintiff's case:

      Defendant's case: 1 day

      Charge conference and instruction to jury: 1 day

5.  **FURTHER PROCEEDINGS**

Plaintiff filed an Amended Complaint on December 4, 2003. Defendant is preparing to file a Motion to Strike.

6.  **NATURE OF THE CASE**

First Count: Vexatious litigation; Second Count: Slander

7.  **TRIAL BY MAGISTRATE JUDGE**

The parties have not agreed to trial by a Magistrate Judge.

8.  **LIST OF WITNESSES**

   (a)  Plaintiff expects to call the following witnesses at trial:

   (b)  Plaintiff may call the following witnesses at trial if the need arises:

   (c)  Defendant expects to call the following witnesses at trial:

   Sharon Harper, Defendant.

   (d)  Defendant may call the following witnesses at trial if the need arises:

   (e)  Plaintiff's expert witnesses:

   (f)  Defendant's expert witnesses:   None

9.  **DEPOSITION TESTIMONY**

The parties do not at this time anticipate presenting the testimony of any witness by deposition testimony.

10. **EXHIBITS**

 (a) Plaintiff expects to offer the following exhibits at trial:

 (b) Plaintiff may offer the following exhibits at trial if the need arises:

 (c) Defendant expects to offer the following exhibits at trial:

  None anticipated at this time

 (d) Defendant may offer the following exhibits at trial if the need arises:

  Grievance complaint against Plaintiff

  Retainer agreement between Ngobeni and Harper.

  Letter from Francis A. Miniter to Paul Ngobeni dated April 27, 2000

  Letter from Christine E. Corriveau to Paul Ngobeni dated May 18, 2000

  Letter from Christine E. Corriveau to Paul Ngobeni dated September 6, 2000

  Judgment re: Harper v. MDC

**11. ANTICIPATED EVIDENTIARY PROBLEMS/MOTIONS IN LIMINE**

None

**12. STIPULATIONS OF FACT AND LAW**

(a) Stipulated Uncontroverted Facts

i. The Plaintiff is an attorney admitted to practice law in Connecticut, Massachusetts and New York. Plaintiff maintains his practice at 914 Main Street, East Hartford, CT.

ii. The Defendant, a black female, is a resident of Louisville, Kentucky.

iii. The Plaintiff was retained by Defendant on or about July 1995 to represent her in connection with an employment discrimination claim arising from her termination by the Metropolitan District Commission (MDC) in March, 1987.

iv. Harper was suing because her former employer had discriminated against her on the basis of her race, color and sex and had discharged her from her employment without just cause and in retaliation for her opposition to MDC's employment practices unlawful under Title VII, 42 U.S.C. 2000e et seq. In addition, Harper sued the MDC alleging that the agency tried to ruin her reputation by spreading false rumors about Harper.

v. At the time Harper sought plaintiff's services, Harper had been involved in ongoing litigation, grievance and arbitration proceedings against the MDC.

(b) Agreed Statement of the Contested Issues of Fact and Law

i. Whether Defendant falsely pursued a grievance against the Plaintiff;

ii. Whether Defendant made slanderous comments about Plaintiff;

iii. Whether Plaintiff's failure to provide a sworn statement of attorney fees caused

Defendant damages;

### 13. TRIAL TO COURT/JURY

(a) Proposed Voir Dire Questions

Plaintiff's proposed *voir dire* questions are attached hereto and incorporated here in as Exhibit A.

Defendant's proposed *voir dire* questions are attached hereto and incorporated herein as Exhibit B.

(b) Proposed Jury Instructions

Plaintiff's proposed jury instructions are attached hereto and incorporated herein as Exhibit C.

Defendant's proposed jury instructions are attached hereto and incorporated herein as Exhibit D.

(c) Jury Interrogatories/Proposed Verdict Form

Defendant's Proposed Verdict Form

We, the jury in the above captioned action, find as follows:

1. As to the claim for attorney fees:

Plaintiff _____          Defendant _____

Damages (if any) $_____

2.   As to the slander claim:

Plaintiff _____          Defendant _____

Damages (if any) $_____

3.   As to the Counterclaim for lost attorney fees:

Plaintiff _____          Defendant _____

Damages (if any) $_____

                                                  Foreperson of the Jury

                                                  By_____

                                                  Name:

                                                  Date:

        (d)   Proposed Case Statement

Plaintiff's Proposed Case Statement:

Defendant's Proposed Case Statement

The Plaintiff is an attorney admitted to practice law in Connecticut, Massachusetts and New York. Plaintiff maintains his practice at 914 Main Street, East Hartford, CT.

The Defendant, a black female, is a resident of Louisville, Kentucky.

The Plaintiff was retained by Defendant on or about July 1995 to represent her in connection with an employment discrimination claim arising from her termination by the Metropolitan District Commission (MDC) in March, 1987.

Plaintiff Ngobeni accepted the retainer and employment and instituted such action in the United States District Court.

Harper was suing because her former employer had discriminated against her on the basis of her race, color and sex and had discharged her from her employment without just cause and in retaliation for her opposition to MDC's employment practices unlawful under Title VII, 42 U.S.C. 2000e et seq. In addition, Harper sued the MDC alleging that the agency tried to ruin her reputation by spreading false rumors about Harper.

At the time Harper sought plaintiff's services, Harper had been involved in ongoing litigation, grievance and arbitration proceedings against the MDC.

Defendant Harper became dissatisfied with Plaintiff Ngobeni's representation and retained new counsel in early 2000.

Plaintiff Ngobeni was uncooperative in turning over the file to Defendant Harper's new counsel.

Defendant Harper filed a grievance in good faith based on Plaintiff's failure to adequately represent her, including remarks that federal judges have to wait until he is ready to act, and his repeated delays in meeting court deadlines and his refusals and delays in turning over the file to new counsel.

Defendant Harper's new counsel repeatedly asked Plaintiff Ngobeni for a written accounting of his fees. Plaintiff refused to do so, even though it was necessary for the Defendant's damage claims against MDC.

Defendant's new counsel requested an affidavit from Plaintiff Ngobeni to submit to the Court as proof of attorneys fees and Plaintiff Ngobeni promised to produce it.

Despite repeated requests, Plaintiff Ngobeni never produced an accounting of his time spent on the case, nor did he produce the promised affidavit. He did inform Defendant Harper's new counsel that he put in 2,352 hours before termination and 28 hours after termination into Defendant Harper's case.

Defendant Harper's case went to trial in August, 2000. Defendant Harper was awarded $1.4 million in punitive damages by the jury.

Based on Connecticut law, the Court remitted the punitive damage award to the value of Defendant Harper's attorneys fees. Harper's counsel, Francis Miniter, submitted an affidavit of attorney fees claiming $59,610.23 for Harper's new counsel's fees and $357,000 for Plaintiff Ngobeni's fees.

Based on the Affidavit, the Court awarded $59,610.23 for Miniter's fees. Due to the neglect and default of Plaintiff Ngobeni, the Court awarded nothing for Ngobeni's fees because he failed to provide a sworn document to substantiate his fees.

Due to the neglect and default of Ngobeni, Harper has lost $357,000.

THE PLAINTIFF

BY

THE DEFENDANT

By _____
Francis A. Miniter
100 Wells Street
Hartford, CT 06106
860-560-2590 ct09566