UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PAUL M. NGOBENI** | : | CIVIL ACTION |
|    Plaintiff | : | NO.   3:02 CV 1124(MRK) |
|    vs. | : | |
| **SHARON A. HARPER** | : | |
|    Defendant | : | APRIL 12, 2004 |

### PLAINTIFF'S MOTION TO REOPEN AND REINSTATE CASE ON DOCKET

Plaintiff  respectfully moves to reopen the above-entitled matter and to reinstate same on the docket of this Court.   In support of his Motion he states the following:

1.	The parties conducted a pretrial conference with the Court followed by a lengthy settlement on December 17, 2003.   Thereafter, the defendant falsely communicated to the Court and to the Plaintiff that the matter was settled for $1500.00 and mutual exchanges of releases.   The Defendant at no time intended to make any payments or to comply with the terms of her representation to this Court and to plaintiff.

2.	Plaintiff made repeated telephone calls to defendant's counsel which were ignored.   These were followed up with e-mails after the defendant had indicated **in writing** that a release drafted by plaintiff was acceptable and that payment would be made "in due course."   Unbeknownst to the plaintiff, the representations by defendant's counsel were false in that defendant had actually refused to make payments and had allegedly stopped speaking to or communicating with her own counsel.   As evidenced by the Motion to Withdraw appearance filed by defendant's counsel, it is clear that the millionaire defendant has engaged in extremely abusive litigation tactics, including lying  directly to a federal court judge about her settlement intent.

3.	This Court must enforce the important public policy requiring that agreements reached during mediation are enforced, thereby, upholding the policy of judicial economy, the very reason mediation is encouraged.   this is particularly true where the settlement

terms are negotiated with the presiding judge and a party (through counsel) affirmatively represents that it agrees to the terms of the settlement.   Allowing a party to pretend to agree to a term in the settlement agreement only to cast its representations and agreement aside as soon as the agreement has received the blessing of this Court  or a jury trial has been postponed would defeat the purpose behind the mediation process which is based "upon the public policy of promoting the settlement of disputes." Jutkowitz v. Department of Health Services, 220 Conn. 86, 97, 596 A.2d 374 (1991).  "A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous." Audubon Associates Ltd. Partnership v. Barclay and Stubbs, 225 Conn. 804, 811, 626 A.2d 729 (1993). "***Summary enforcement is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes***." Id., 812.   Here the defendant represented that it would abide by the terms of the settlement agreement and the said representations were calculated or intended to induce plaintiff to voluntarily settle a lawsuit which was scheduled for trial.   Plaintiff changed his position in reliance on those representations, thereby incurring some injury including giving up his right to trial on the original claim.

      **WHEREFORE**, this Court must immediately reinstate the matter on the docket and summarily enforce the original terms of the Settlement Agreement and allow costs and expenses for time in preparing this Motion.   In the alternative, the Court must order that the above-entitled matter be reinstated on the docket and the original claim and allow an amended vexatious suit and abuse of process claim based on the defendant's outrageous abuse of this Court's process.

**PLAINTIFF**

_____
Paul M. Ngobeni
**LAW OFFICES OF PAUL M. NGOBENI**
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone (860) 289-3155
Facsimile (860) 282-7479

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed first-class on APRIL 12, 2004 to:

Attorney Francis Miniter
Miniter & Associates
147 Charter Oak Ave.
Hartford, CT. 06106

-------------------------------------------------------
Paul M. Ngobeni